JOHN W. SPENCER, as President of the ALBANY BLACK SOX ATHLETIC ASSOCIATION, Plaintiff, *v.* ARTHUR MILTON, Defendant.

Supreme Court, Special Term, Albany County, May 7, 1936.

*Ransom H. Gillett*, for the plaintiff.

*Borst & Smith*, for the defendant.

BERGAN, J. The plaintiff applies for an order of injunction, during the pendency of this action, restraining the defendant from playing baseball for any person or association during the year 1936, other than the Albany Black Sox Athletic Association, or its assignees. The action is for a permanent injunction and attached to the complaint is a copy of an agreement purported to have been made between " the Albany Black Sox " and this defendant on the 18th day of March, 1936. The complaint states that " the Albany Black Sox Athletic Association " is known as the " Albany Black Sox " and I will assume for the purpose of this motion that the unincorporated association, of which the plaintiff is the president, was one of the parties designated in the contract attached to the complaint.

Two tests govern an action to enjoin the violation of the negative covenant of an agreement by an employee, that he will not work for another. The first is that the employee's services must be of a unique and unusual character and the second is that the agreement must express a mutuality of obligation and an express obligation on the part of the employee to render to the employer the services which it is sought to prevent his rendering to another. (*Star Co.* v. *Press Publishing Co.*, 162 App. Div. 486, 488, 489; *American League Baseball Club of Chicago* v. *Chase*, 86 Misc. 441; *Metropolitan Exhibition Co.* v. *Ward*, 9 N. Y. Supp. 779.)

The obligation that the plaintiff's association incurred with regard to the defendant by the agreement attached to the complaint was that " the club will pay the players a salary for skilled services during the season of 1936 on the percentage basis, 60% for all the players composing the team, to be divided equally after each game played." This provision does not clearly fix the obligation of the plaintiff association to the defendant.

It is not agreed that he will receive a *pro rata* share with the other players of sixty per cent of the profits of each game or of the receipts of each game, nor is it provided precisely what the obligation of the plaintiff's association with respect to defendant's compensation will be. Nor does it seem to me that the obligation of the defendant " to render to the plaintiff the services which it is sought to prevent his rendering to another " is clearly or precisely fixed. It is merely provided that the defendant " will faithfully serve the club in conformity with the agreement above recited." The defendant agrees to keep himself in first-class physical condition and to conform to certain standards of conduct and to surrender a uniform or uniforms

furnished him by the plaintiff's association; not to engage in any game or exhibition except for the club and to report for practice and to participate in such exhibitions as may be arranged by the club for a period of thirty days prior to the playing season.

I do not find that the agreement expressly requires that the defendant shall play on the baseball team of the plaintiff's association during the 1936 season and, unless the contract were to be construed largely by implication, it seems to me doubtful that it could be enforced in an action at law against this defendant for damages arising from a refusal by the defendant to play.

The further requirement that the employee's services must be shown to be of a " unique and unusual character " is not satisfactorily established. Paragraph 3 of the complaint describes the defendant as having " particular and special qualifications to play the position of first base." Paragraph 9 of the complaint refers to the defendant as having " special proficiency and wide reputation." Neither statement is sufficient. For the purposes of this motion, the unique qualifications relied upon must be established by the moving papers. The affidavit in support of the motion describes the defendant as being " an especially proficient and able first baseman," and that his playing with the team " tends to increase the attendance at games." I do not regard this as sufficient proof by plaintiff that he cannot resort to an action at law as an adequate remedy for a breach of the defendant's contract.

The answering affidavit of the defendant alleges that he was intoxicated at the time that the agreement was signed and that he has no recollection of signing it, and that, therefore, there was no meeting of the minds of the parties. This allegation would ordinarily avoid the summary granting of the relief demanded in the complaint during the pendency of the action. This issue should be left for the plenary determination of the Trial Term.

The motion for an injunction against the defendant during the pendency of the action is denied and the order restraining him until the determination of this motion is vacated.

No costs.

Submit order.